**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANKUSH ANKUSH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2117-SLP** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Ankush Ankush, a noncitizen[1] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue.[2] For the reasons set forth below, the undersigned recommends that the Court deny the Petition, Doc. 1.

## I. Background

Petitioner, a citizen of India, entered the United States on or about June 2, 2023, without inspection or admission near Lukeville, Arizona. Pet. at 1, 8; Resp. at 2; Doc. 12-

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] The response is filed at Doc. 12, and the reply is filed at Doc. 13-1.

4 at 1 (Notice to Appear). That day, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 1-2; Doc. 12-4 at 1. Petitioner was later released by ICE.

At an unspecified time on or before July 2, 2026, local law enforcement encountered Petitioner. Pet. at 9 (stating the encounter occurred "in or around July 2026" (citation modified)). On July 2, 2026, local law enforcement transferred Petitioner to ICE custody.[3] Resp. at 2; Doc. 12-5 at 1 (Warrant for Arrest). A warrant was issued and served on him that day. Doc. 12-5 at 1.

On July 10, 2026, Petitioner filed through counsel a motion requesting an individualized bond hearing in the Immigration Court.[4] Doc. 12-1 at 2-3 (Motion to Schedule Individualized Bond Redetermination Hearing). In that filing, his counsel stated: "On June 30, 2026, DHS re-detained [Petitioner]." *Id.* at 2. Petitioner's motion before the Immigration Court was not verified, and he did not attach to his motion an affidavit or other evidence to support the date on which he claimed his ICE detention began. *Id.* Nor has he submitted such evidence in this lawsuit. On July 20, 2026, an Immigration Judge ("IJ")

---

[3] Petitioner contends his ICE detention may have started before July 2, 2026. Reply at 1. As explained below, there is not adequate support for that claim in the record.

[4] Petitioner's counsel in his immigration proceedings is not the same as Petitioner's counsel in this lawsuit.

conducted a hearing and denied bond because Petitioner "did not establish [himself as] not a flight risk." Doc. 12-2 at 1 (Order of IJ).

Petitioner's immigration removal proceedings are ongoing, and no removal order has been issued. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 6, 2026). When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 2.[5] He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 6, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention is unlawful and violates the INA because (a) Respondents did not obtain a warrant under 8 U.S.C. § 1226(a) before his arrest and (b) Respondents do not meet the requirements of 8 U.S.C. § 1357(a)(2)'s warrant exception. Pet. at 13-15.

- **Count II**: **Violation of the INA and its Implementing Regulations.** Petitioner alleges his arrest was unlawful because Respondents did not comply with § 1357(a) and its implementing regulations, 8 C.F.R. §§ 236.1 and 287.3. Pet. at 15-16.

- **Count III: Violation of Due Process**. Petitioner alleges his continued detention is arbitrary and violates his rights to due process. *Id*. at 17-18.

[5] Petitioner provides discrepant information about the location of his detention when he filed the Petition. *See* Pet. at 4-5 (alleging detention at Prairieland Detention Center in Texas); *id*. at 2, 5, 9 (alleging detention at Cimarron Correctional Center). Respondents do not contest this Court's jurisdiction, and the undersigned presumes Petitioner's reference to Prairieland Detention Center was inadvertent.

Petitioner asks the Court to "issue a writ of habeas corpus ordering [his] immediate release from Respondents' custody." Pet. at 20 (citation modified). Alternatively, he initially asked the Court to "order Respondents [to] provide [him] with a new individualized custody determination hearing before an [IJ] consistent with the [INA] and the Due Process Clause," with "Respondents [to] bear the burden of proving, by clear and convincing evidence, that [his] continued detention is necessary because he presents a danger to the community or flight risk." *Id.* at 21. As explained below, Petitioner abandoned this alternative request in his reply. Petitioner also requests an award of attorneys' fees and costs under the Equal Access to Justice Act. *Id.* at 21.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner is not entitled to release.

Petitioner "presents a narrow question," Reply at 2, across his three counts: whether his detention is lawful when ICE issued a warrant dated the same day his ICE detention began, where evidence in the record does not clearly indicate whether the ICE warrant preceded his ICE custody on July 2, 2026. Petitioner no longer asserts that ICE failed to procure any warrant, as he initially contended. *Compare* Pet. at 9, *with* Reply at 3. Instead,

Petitioner only questions whether ICE obtained the warrant before his ICE custody began. *See* Reply at 3.[6]

Absent a qualifying exception, a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-cv-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified).

Petitioner first argues "the record contains conflicting dates concerning when ICE took Petitioner into custody." Reply at 1. He contends he may have been transferred to ICE custody on June 30, 2026—earlier than the arrest warrant's date of July 2, 2026. *Id.* Respondents maintain ICE detained Petitioner on July 2, 2026. Resp. at 2. The undersigned finds Petitioner's claim not to have sufficient support. Petitioner only points to his Motion to Schedule an Individualized Bond Redetermination Hearing, filed in Immigration Court by Petitioner's separate counsel on July 10, 2026. Doc. 12-1 at 1, 3. His counsel states there: "DHS re-detained [Petitioner]" "on June 30, 2026." *Id.* at 1 (citation modified). But "whatever counsel for [Petitioner] may have represented or argued

[6] Petitioner pivots in his reply to raise a substantially revised—if not new—argument in which he no longer focuses on the wholesale absence of a warrant but on a narrower, same-day inquiry of whether his ICE custody preceded an ICE arrest warrant on July 2, 2026. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). The undersigned exercises his discretion to consider the arguments in the reply, and does not find it necessary to order a surresponse from Respondents.

in a brief, it was not evidence. It was only argument, and [this Court is] obligated to treat it as such, i.e., not part of the evidentiary record." *Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1271 (10th Cir. 1999) (analyzing statements by counsel in post-trial motions to the Tax Court); *Matumona v. Barr*, 945 F.3d 1294, 1309 (10th Cir. 2019) ("Assertions by counsel are not evidence." (citation modified)).

Petitioner does not provide sufficient evidence, such as an affidavit, to establish his ICE detention began any earlier than July 2, 2026. While his Petition is verified,[7] Pet. at 23, Petitioner only generally alleges his detention began at "a presently unknown date" and a time "in or around July 2026." *Id.* at 2, 14; *see also id.* at 5 (alleging "Respondents arrested Petitioner on a presently unknown date and time" (citation modified)). He alleges nothing more specific in the Petition. And his estimation of an arrest "in or around July 2026," *id.* at 14, is consistent with Respondents' evidence showing his ICE custody started on July 2, 2026. *See* Doc. 12-5 at 1 (certifying the "Warrant for Arrest of Alien was served"

[7] Because the Petition lacks factual allegations that change the analysis, the undersigned does not reach whether Petitioner's typed signature of "/s/ Ankush" on his verification, Pet. at 23, has the force and effect of a sworn declaration. *See* 28 U.S.C. § 1746 (requiring an unsworn declaration be "subscribed" by the declarant to have "like force and effect" to a "sworn declaration, verification, certificate, statement, oath, or affidavit"); *Merritt v. Tex. Farm Bureau*, No. 19-CV-679, 2023 WL 3520236, at *5 (W.D. Tex. May 16, 2023) (finding that a declaration with "only a typed signature" using "/s/" and the declarant's name did "not comply with 28 U.S.C. § 1746," but allowing an opportunity to cure the defect by submitting "a hand-written signature"). The verification does not comply with this Court's rules. ECF Policies & Procedures Manual § II(C)(3)(a) (limiting when "an electronic version of the document bearing 's/ (name)'" may be filed in place of signatures by "persons who are not counsel of record").

by ICE on Petitioner "on July 2, 2026").[8] In sum, Petitioner does not submit adequate evidence to show his ICE detention began before July 2, 2026.

Petitioner next questions whether ICE issued the warrant after he was transferred into ICE custody, even if both events occurred on July 2, 2026. *See* Reply at 2-3. But he again provides no concrete evidence for this contention—only indicating a *potential* chronology that day. *See id.* This is not enough. "A habeas applicant bears the burden of showing entitlement to relief by a preponderance of the evidence." *Gilkey v. Kan. Parole Bd.*, No. 07-3110, 2008 WL 2704480, at *1 (July 8, 2008); *see also Ribeiro-Almeida v. FCI Berlin*, 811 F. Supp. 3d 245, 249 (D.N.H. 2025) ("It is the petitioner's burden to demonstrate that he is entitled to relief."). Petitioner only points to the absence of evidence in the record regarding the specific times on July 2, 2026, when (a) the warrant was issued and (b) the warrant was executed, but provides no evidence of his own. Petitioner fails to meet his burden and is not entitled to relief. *Cf. Lopez-Sanchez v. Blanche*, No. 26CV264, 2026 WL 1759557, at *2-3 (D. Neb. June 18, 2026) (holding a petitioner "failed to meet his burden to show an issue with either the warrant or his warrantless arrest" when it was "unclear whether [the government] obtained the warrant prior to taking petitioner into custody" and both events—obtaining a warrant and arresting the petitioner—occurred on

[8] The undersigned is aware from other immigration habeas cases that a petitioner often is initially arrested by local or state law enforcement and later transferred to ICE custody a few days later. Petitioner acknowledges he was initially arrested by local law enforcement, who "thereafter transferred" him to ICE custody. Pet. at 9.

the same day, but ordering the petitioner's release on separate grounds based on a due process violation).[9]

Petitioner has not provided sufficient evidence to show the ICE warrant was issued after his ICE detention began. As such, the Court need not reach Petitioner's argument about 8 U.S.C. § 1357's exception to the warrant requirement. Similarly, the Court need not reach (i) whether a warrantless arrest was cured by Respondents providing a bond hearing to him[10] or (ii) whether exhaustion is required. *See* Resp. at 3-4; Reply at 5-8.

**B. Petitioner does not seek a second bond hearing, so the Court should not order an additional custody determination or alternative relief.**

Petitioner originally sought immediate release from custody, or "a new custody determination consistent with the [INA] and the Due Process Clause of the Fifth Amendment." Pet. at 3; *see also id.* at 13, 21 (same). However, in his reply, Petitioner

---

[9] Petitioner's cases, Reply at 3, are not applicable. In the decisions cited, (a) the respondents did not provide *any* warrant, (b) the warrant was redacted so the court could not determine if it was issued by an appropriate officer, or (c) the record was clear the warrant was obtained after arrest. Here, Respondents provide a warrant dated the same day Petitioner's ICE detention began, he does not argue the warrant was invalid, and no evidence in the record indicates his arrest preceded issuance of the warrant.

[10] Even where ICE arrests an immigration detainee without a warrant, Judges in this District have arrived at different conclusions as to the remedy. Judge Jones has found immediate release to be appropriate. *See, e.g.*, *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release, "subject to an appropriate Order of Supervision," for a noncitizen detained under § 1226(a) where his "arrest was warrantless"). Judge DeGiusti recently concluded "the relief warranted is a bond hearing pursuant to § 1226." *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sept. 21, 2026). Judge Russell recently held a petitioner's "warrantless arrest does not merit his immediate release" where a warrant and Notice to Appear had been issued and a petitioner already had two bond hearings. *Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026).

states, "another bond hearing would not remedy the violation asserted here because [he] has already received one, and that proceeding did not determine the statutory authority for his arrest." Reply at 8-9. Further, Petitioner "alleges no changed circumstances" since his July 20, 2026, bond hearing. *Id.* at 7; *see also id.* ("Requiring another bond proceeding would neither determine whether ICE possessed statutory arrest authority when it acquired custody nor provide the habeas relief sought here.").

Petitioner is clear in his reply he seeks only release, with no request for an alternative remedy such as a second bond hearing by an IJ. Accordingly, if the Court adopts the undersigned's recommendation that he is not entitled to release, the Court should not order Respondents to provide a second bond hearing or any alternative relief to Petitioner.

### C. The Court should deny Petitioner's due process claim.

Petitioner also argues his continued detention violates his rights to due process. Pet. at 17-18. Specifically, he argues his "continued confinement is . . . arbitrary because it rests not upon the authority Congress conferred" in 8 U.S.C. §§ 1226 and 1357, "but upon executive action exceeding that authority," and "the Due Process Clause does not permit continued civil detention absent lawful authorization." Pet. at 18 (citation modified). For the same reasons stated above, the undersigned recommends the Court deny this claim because Petitioner has not shown his ICE warrant or process of arrest was unlawful. And Petitioner does not develop his due process claim further.

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1, for habeas relief.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 20, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 27, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 6th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE